UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUGUSTUS B. GAINES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-01552-JPH-MJD ) |
| T-MOBILE, et al., | ) ) |
| Defendants. | ) ) ) |
| 1,000 MILES AWAY DIGITAL SCIENTORS WITH THE DIGITAL MANIPULATION As Third Parties, | ) ) ) ) |
| Third Party Defendant. | ) ) |

**ORDER SCREENING COMPLAINT**

**I.   Screening Standard**

The Court has the inherent authority to screen Mr. Gaines's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is

1

> plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.   The Complaint

Mr. Gaines appears to seek to bring Section 1983 and Bivens claims against more than 70 defendants, alleging RICO violations and violations of both the Indiana and United States Constitutions.  Dkt. 1 at 10.  Mr. Gaines alleges these violations occurred "between 2006 and current."  Dkt. 1 at 11.  His allegations include illegal detention, financial suppression "through various manipulative means," and "medical violations that have been acted as devices to perform Securities Act and religion preferences of deity nomination that have formulated discrimination and persecution," among others.  Dkt. 1 at 11.

## III.   Discussion of Claims

While Mr. Gaines alleges constitutional and RICO violations, he has not specified his legal claims or identified specific facts to explain what he believes happened or the relief that he seeks.  Mr. Gaines's complaint therefore does not present a "story that holds together" about what any defendants did.  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  It therefore must be dismissed for failure to state a claim because it does not "state a claim to relief

that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### IV.     Conclusion

Mr. Gaines's complaint must be dismissed for the reasons in this order.

Mr. Gaines **SHALL HAVE through October 25, 2024** to file an amended complaint. An amended complaint should explain the basis for this Court's jurisdiction, specify the defendants against whom claims are raised, and explain what each of those defendants did, and when. *See* Fed. R. Civ. P. 8(a); 12(b). If Mr. Gaines does not file an amended complaint, the Court will dismiss this case with prejudice for failure to state a claim without further notice. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. See *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The **clerk is directed** to send a form complaint with Mr. Gaines's copy of the order.

**SO ORDERED.**

Date: 9/27/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
AUGUSTUS B. GAINES
5361 Kessler Blvd. N Drive
Indianapolis, IN 46228