UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUGUSTUS B. GAINES, )<br> )<br>               Plaintiff, )<br> )<br>       v.              )<br> )<br>T-MOBILE, et. al., )<br> )<br>              Defendants. )<br> )<br>1,000 MILES AWAY DIGITAL SCIENTORS )<br>WITH THE DIGITAL MANIPULATION As )<br>Third Parties, )<br> )<br>          Third Party )<br>          Defendant. ) | No. 1:24-cv-01552-JPH-MJD |

**ORDER ON *IN FORMA PAUPERIS* STATUS**

Mr. Gaines filed a motion to proceed in the district court *in forma pauperis*, which was denied. Dkts. 2, 29. This case was dismissed on November 22, 2024, and Mr. Gaines filed a notice of appeal. Dkts. 29, 35. Mr. Gaines then filed a motion for leave to proceed *in forma pauperis* on January 13, 2025, and another on January 15. Dkt. [42], dkt. [44].

The first of these motions is captioned with the case number "24-3306," which is the number for Mr. Gaines' appeal. Dkt. 42. The Court therefore assumes Mr. Gaines is seeking to proceed *in forma pauperis* on appeal. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). "Good faith," in the context of § 1915(a)(3), refers to the "more common legal meaning of the term,

1

in which to sue in bad faith means merely to sue on the basis of a frivolous claim." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). In other words, § 1915(a)(3)'s "good faith" determination is not about the plaintiff's sincerity in requesting appellate review. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). A sincere litigant still lacks objective "good faith" under § 1915(a)(3) if his claim is one that "no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026.

Under this standard, Mr. Gaines' request to appeal *in forma pauperis* must be denied. As the Court explained in its screening order, Mr. Gaines' first complaint was dismissed for failure to state a claim. Dkt. 17. He was given the opportunity to file an amended complaint and did so, dkt. 25, but that complaint also failed to state a claim, and the Court dismissed his case, denied his fourteen outstanding motions, and entered final judgment. Dkts. 29, 30. There is no objectively reasonable argument that Mr. Gaines' proposed appeal has merit, so this appeal is not taken in "good faith," and the motion for leave to proceed on appeal *in forma pauperis*, dkt. [42], is **DENIED.**

The Court assumes Mr. Gaines' second motion to proceed *in forma pauperis*, dkt. 44, seeks *in forma pauperis* status in the district court in this matter. The Court denied his initial motion to proceed *in forma pauperis* because it did not indicate Mr. Gaines' eligibility for *in forma pauperis* status.[1]

---

[1] Among other things, Mr. Gaines checked both "yes" and "no" to questions such as whether he had any dependents he was responsible for supporting or whether or not he owned a vehicle, claimed that discovery would show the extent of his income and assets, and asserted he has $1.5 trillion in home equity.

His new request to proceed *in forma pauperis* similarly does not provide the Court enough details about his financial status to determine his eligibility. Dkt. 44. For example, Mr. Gaines claims he has "undisclosed" income and "undisclosed" sums in cash, checking, savings, or other accounts. *Id.* at 3, 4. Mr. Gaines must provide the Court a complete and accurate explanation of his finances in order to be granted *in forma pauperis* status. Therefore, his motion is **DENIED**. Dkt. [44].

**SO ORDERED.**

Date: 1/21/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AUGUSTUS B. GAINES
5361 Kessler Blvd. N Drive
Indianapolis, IN 46228